

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00209-CR

**TODD ORLANDO MIDDLETON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 77th District Court
Limestone County, Texas
Trial Court No. 14554-A**

## ABATEMENT ORDER

On August 23, 2021, attorney Justin Reed, on behalf of Appellant Todd Orlando Middleton, filed with the trial court clerk a notice of appeal from the judgment of conviction and sentence rendered against Middleton in the underlying case. We subsequently received a copy of the notice of appeal and filed it in the appeal bearing the number and style shown above.

We were then notified that on September 21, 2021, attorney Logan Sawyer, on behalf of Middleton, filed with the trial court clerk an "Appearance of Counsel for Limited Purpose and Defendant's Withdrawal of Appeal."

On November 10, 2021, the Clerk of this Court sent a letter to both Reed and Sawyer, informing them that the Court had been notified about the filing with the trial court clerk of the "Appearance of Counsel for Limited Purpose and Defendant's Withdrawal of Appeal." The November 10 letter pointed out that Sawyer had not filed a notice of appearance of counsel with this Court and that no motion to dismiss this appeal had been filed with this Court. *See* TEX. R. APP. P. 6.2, 42.2(a). The November 10 letter further stated: "If Middleton no longer wants to continue with this appeal, Middleton's counsel should file with this Court a motion to dismiss complying with Rule 42.2(a)."

On November 22, 2021, Sawyer filed with the Clerk of this Court "Defendant's Motion to Dismiss Appeal," which stated that Sawyer had spoken with Middleton and that Middleton had instructed Sawyer that Middleton no longer desires to pursue this appeal. Middleton, however, had not personally signed the motion. *See id.* R. 42.2(a).

We therefore issued an order on November 30, 2021, denying Middleton's motion to dismiss this appeal because the motion did not comply with Rule of Appellate Procedure 42.2(a). The order nevertheless stated: "If, however, Appellant files a motion to dismiss this appeal that complies with Rule of Appellate Procedure 42.2(a), specifically including Appellant's signature in addition to his counsel's, the Court will rule on the motion as appropriate."

To date, we have received no further correspondence from Middleton or his counsel. Accordingly, we abate this cause to the trial court for a hearing to determine whether Middleton wants to continue with this appeal.

The trial court shall conduct the hearing within 21 days from the date of this Order. The trial court clerk and court reporter shall file supplemental records within 35 days after the date of this Order.

In the meantime, if Middleton files a motion to dismiss this appeal that complies with Rule of Appellate Procedure 42.2(a), specifically including Middleton's signature in addition to his counsel's, we will reinstate this appeal and rule on the motion as appropriate.

PER CURIAM

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Order issued and filed January 24, 2022
RWR

